No. 6639.

JOHN F. FOLLETT ET AL. VS. SPENCER FIELD, PRESIDENT, ET AL.

When it appears that the parties in charge of the property and affairs of a corpora-
tion, as liquidators of the same, have been elected as such by the stockholders of
the corporation, and their election has not been set aside, and no fear of fraudu-
lent action on their part is alleged, no court is authorized to displace them, and
appoint a receiver in their stead.

A PPEAL from the Fourth District Court, parish of Orleans. *Houston,*
J.

*H. E. Upton* and *Hornor & Benedict* for plaintiff and appellees.
*Bentick Egan* for defendants and appellants.

The opinion of the court was delivered by

DEBLANC, J. The plaintiffs are stockholders of the Ocean Dry Dock
Company, a corporation domiciled in the town of Algiers. They brought
this suit against the President and Secretary of said company, for its
dissolution and liquidation.

This suit was filed on the twenty-first of February, 1877. On the
same day plaintiff filed a rule, admitted by the court, in and by which
defendants were ordered to show cause—on the twenty-eighth of Feb-
ruary, 1877—why a receiver should not be appointed to take charge of
the affairs and property of the Ocean Dry Dock Company, as prayed for
in their original petition.

To that rule defendants excepted, on the ground that it was irregu-
lar and unauthorized by law—that it disclosed no reason for the inter-
ference of the court, and that the facts alleged by plaintiffs could not be
tried in the summary form presented in said rule.

On the seventh of March, 1877, the rule was made absolute, and A.
A. Woods appointed receiver of the Ocean Dry Dock Company, to col-
lect its assets, take charge of, and care for its property, to demand and
take possession of its books, papers and records.

The tenth article of the company's charter provides that " when the
period shall arrive for the winding up of the affairs of the company,
whether at the expiration of said charter—on the sixteenth of March,
1893—or if sooner determined upon by the stockholders, such liquida-
tion shall be conducted by three stockholders duly elected by a majority
in amount of the stockholders at a meeting to be convened for that pur-
pose, etc.

In this case, a meeting of the stockholders was called, to take place
on the fifteenth of February, 1877; and by whom and for what purpose
was it called ? By plaintiffs themselves and to consider the propriety of
dissolving and liquidating the company. At that meeting, the dissolu-
tion which seems to be anxiously desired by every one of the stock-

holders, was pronounced by five of them, representing—as contended by defendants, 434 shares out of 830.

Plaintiffs admit that they appeared at said meeting, but charge that they were refused—by defendants—a hearing, oyer of the books and papers of the company, which were retained and controlled by said defendants. That—for those reasons—they retired from the meeting, taking with them a majority of the shares of stock of said company. It was then that, in accordance with the tenth article of the charter, Spencer Field, J. B. Williams and N. C. Folger were elected liquidating commissioners.

Under their own allegations, it appears that plaintiffs could have controlled the meeting of the fifteenth of February. The reasons given by them why they retired from it do not justify their course—for, on that day and on that occasion, considering their own allegations, they could have obtained not only the dissolution desired by all and opposed by none, but, besides, they could have chosen the liquidating commissioners, whose election is expressly provided for in said charter.

There can be no doubt as to the power of courts to appoint receivers to liquidate the affairs of an insolvent corporation ; but when and under what circumstances? When there are no persons to take charge of, and conduct the affairs of said corporation. These are the very words of one of the decisions relied upon by plaintiffs' counsel. 1st Paige 387.

In this case, three of the stockholders of the dissolved company appear to have been elected as its liquidating commissioners; and—were their election set aside as null—it is doubtful that, under the parties' contract, a receiver could be appointed. The validity of that election is contested in the principal action, and—in that action, may be inquired into.

It is clear, however, that—whilst that election stands unreversed, and no charge of apprehended fraud is made against said commissioners, the appointment of a receiver is not only premature, but unauthorized.

One of the reasons given for the judgment in the rule is "that the company is without credit and means to care, *ad interim*, for the property—a dock which needs pumping and other attention, to prevent it from sinking." The appointment of a receiver would not add to the credit and means of the corporation.

The sixth article of the charter provides that, " unless removed for cause, two of the plaintiffs, Thomas G. Mackie and John F. Follett, shall be—until the expiration of said charter, the managers of the Dry Dock, and shall have power to purchase all materials necessary, make all contracts, employ all workmen and exercise a general supervision over the workshops of said company." With that important power in

Follett et al. vs. Field.

their hands and under the circumstances already related, can they justly claim the appointment of a receiver ? We believe not.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court appointing Alfred A. Woods as receiver to the Ocean Dry Dock Company be and it is hereby revoked, and plaintiffs' rule to appoint a receiver dismissed at their costs in both courts.